IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:07CV17-03-MU

TERRENCE WRIGHT-BEY,            )
                                )
        Petitioner,              )
                                )
        v.                       )        **O R D E R**
                                )
STATE OF NORTH CAROLINA,         )
                                )
        Respondent.              )
_____)

**THIS MATTER** comes before the Court on initial review of Petitioner Terrence Wright-Bey's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) filed August 31, 2007.[1]

According to the Petition, in February 1996 and April 1997, Petitioner was convicted after a jury trial of second degree murder and first degree burglary. Petitioner directly appealed his convictions and sentences and on November 4, 1997 the North Carolina Court of Appeals found no error. Petitioner sought further relief in the North Carolina Court of Appeals, which was denied. Petitioner did not file a Petition for Certiorari in the United States Supreme Court. Next, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Graham County Superior Court. Petitioner's MAR was denied in June 1997 because his direct appeal was still pending. Petitioner filed a second MAR on October 19, 1998 and received a hearing on his motion. However, Petitioner's MAR was denied on March 18, 2005. Petitioner filed a Writ of Mandamus and a Writ of Certiorari in the

---

[1] The Court notes that Petitioner signed and dated his habeas petition on August 23, 2007.

1

North Carolina Court of Appeals in June 2005 which were denied in June 2005.  Petitioner filed his first habeas petition in this Court on July 2, 2007, more than two years after the North Carolina Court of Appeals denied his writ of mandamus and writ of certiorari.  (See 2:07cv14.)  This Court dismissed Petitioner's first habeas petition without prejudice due to the fact that Petitioner failed to pay the applicable filing fee or make a motion for leave to proceed in forma pauperis.  (Id, Document No. 2.)  Petitioner then filed the instant Petition on August 31, 2007.

## ANALYSIS

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  Here, according to his petition, Petitioner was convicted on February 1996 and April 1997.  Petitioner directly appealed his convictions and sentences and on November 4, 1997 the appeals court found no error.  Petitioner did not file a petition for Writ of Certiorari in the Supreme Court

of the United States.² Petitioner filed his first MAR which was denied in June 1997 because his direct appeal was still pending. Petitioner filed his second MAR on October 19, 1998.³ Petitioner received a hearing on his motion and on March 18, 2005 his motion was denied. Petitioner filed a Writ of Mandamus and Writ of Certiorari in the North Carolina Court of Appeals in June 2005 which was denied during the same month.⁴ From the time Petitioner's appeal of his MAR was denied until the time he filed the instant Petition, more than two years have elapsed. Therefore, the instant motion is untimely under the AEDPA.

Petitioner appears to concede that his petition is late under the AEDPA in that he provides several arguments, in his first habeas petition filed July 2, 2007, as to why his petition should be considered timely.⁵ (See Document No. 1-2 and 2:07cv14, Document No. 1.) On his

---

² Thus, based upon the relevant legal precedent, this Court must conclude that the Petitioner's convictions and sentences became final no later than February 4, 1998 – that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review before the U.S. Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (identifying 90-days grace period for cases in which no certiorari was sought in the U.S. Supreme court).

³ Eight months elapsed between the completion of direct review and the properly filed MAR on collateral review. That eight months is not tolled for purposes of the one-year limitations period under the AEDPA.

⁴ Petitioner provides two dates for the denial of his writs; June 6, 2005 and June 22, 2005.

⁵ In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one

form petition, in response to question 18 regarding the timeliness of his petition Petitioner states:

> Because, I filed a M.A.R. in 1998 & wasn't taken to court until March 2005 where the lawyer did not have all if not a portion of my transcript nor was he familiar with my case or the people involved. 2) The Courts refused me any copy of transcripts in parts that shows their misconduct 3) the D.A. Leonard Allen Denied any free masonry practicing during trial along with defense attorney and trial judge but they refuse to type up that section of transcript that appellate defense requested (letter enclosed) 4) I filed for a transcript of the MAR hearing & was denied to show the D.A. is unethical by lying to the Court which the judge denied me. 5) The defense attorney refused to argue any of my raised complaints although it was mentioned to the courts. 6) The U.S. Moroccan treaty prohibits misjustice of Moors in this Country & I try repeatedly to have them acknowledge my race, nationality as Moroccan & not black colored or African. 7) Theres no law library in prison nor assistance from Prison Legal Service which has only 24 lawyers to represent 50,000 inmates convicts. 8) This county is an all European County where the victims relatives works in the Clerks Office that also hinders my process to get justice. 9) I still need help with the proper procedures but felt this need to be done regardless although I was in prison before that law passed while my case was still being held up in appeals etc.

The Fourth Circuit Court of Appeals has stated that equitable tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).

While it is not clear exactly who Petitioner is blaming for the untimeliness of his petition, none of his nine enumerated excuses will save his petition. See generally, Harris v Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's

---

year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the Petitioner has addressed the timeliness of his Petition – albeit unsuccessfully – the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).  In short, Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement.  Therefore, equitable tolling is not available for the Petitioner.  As outlined above, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely under the AEDPA.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.


**SO ORDERED**.


Signed: September 6, 2007

Graham C. Mullen
United States District Judge